■ In the Matter of DELBERT ODE, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously reversed on the law without costs and petition granted. Memorandum: In this proceeding pursuant to CPLR article 78 to review a determination of respondents finding petitioner guilty of violating a prison disciplinary rule, petitioner contends that respondents

violated his constitutional rights and violated their own rules and regulations regarding opening inmate correspondence. We agree.

Correction officers of Attica Correctional Facility charged the petitioner, an inmate, with violating inmate behavior rules 180.21 (abuse of privileges) and 114.10 (smuggling items in and/or out of the facility). Included with the smuggling charge was an allegation that petitioner also violated Department Directive 4422 (7 NYCRR 720.3 [b] [17]), which prohibits an inmate from "kiting", that is, including written material in an outgoing envelope which is not specifically intended for the addressee identified on the exterior of the envelope. Following a Tier III Superintendent's hearing, at which petitioner questioned the respondents' authority to open his mail in contravention of his constitutional rights, the petitioner was found guilty. That determination was affirmed by the departmental review board.

The regulation of the respondent Department of Correctional Services which prohibits "kiting" (7 NYCRR 720.3 [b] [17]), does not unconstitutionally abridge petitioner inmate's right to freedom of expression under the Federal and State Constitutions, since it is reasonably related to the legitimate penological purpose of requiring that inmates correspond with identified individuals (Matter of Lucas v Scully, 71 NY2d 399, 408). Where respondents have a reasonable belief that the inmate is "kiting" out mail through sealed general correspondence, Department regulations permit the mail to be opened and inspected (see, 7 NYCRR 720.3 [b] [6] [i]). Although the regulation authorizing the opening and inspecting of an inmate's mail implicates a First Amendment right, it is constitutionally permissible so long as the conditions under which it is permitted are substantially met (cf., Matter of Hop Wah v Coughlin, 153 AD2d 999). Such is not the case here. The record is barren of any proof establishing that the Superintendent had "reason to believe" (7 NYCRR 720.3 [b] [6] [i]) that the petitioner was violating the prohibition against "kiting", a precondition to his authorizing the mail watch in the first instance. Moreover, the authorization did not "set forth specific facts forming the basis for the action". (7 NYCRR 720.3 [b] [6] [i].) Since the evidence utilized at the petitioner's hearing was seized in contravention of the respondents' own rules and regulations, the Superintendent's determination must be annulled. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Boomer, Pine, Balio and Lowery, JJ.