■ In the Matter of STACEY KNIGHT, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [681 NYS2d 719] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: In this CPLR article 78 proceeding to review the determination finding petitioner guilty of violating a prison disciplinary rule, petitioner contends that the determination must be annulled because respondent violated the rules and regulations regarding the opening of inmates' outgoing correspondence. We agree.

Correction officers at Sing Sing Correctional Facility charged petitioner in a misbehavior report with violating inmate rule 100.10 (7 NYCRR 270.2 [B] [1] [i] [assaulting another inmate]). At the Tier III hearing, the incriminating evidence consisted of a handwritten letter from petitioner to his mother in which he stated that he had "cut" three other inmates. At the hearing and on his administrative appeal, petitioner asserted that prison officials had opened his outgoing mail in violation of their own regulations.

7 NYCRR 720.3 (e) provides that an inmate's outgoing correspondence shall not be opened or read without written authorization from the facility superintendent. The regulation also provides that the superintendent shall not authorize the opening or inspection of the outgoing mail "unless there is a reason to believe that the provisions of any department directive, rule

or regulation have been violated, that any applicable state or Federal law has been violated, or that such mail threatens the safety, security, or good order of a facility or the safety or well being of any person." (7 NYCRR 720.3 [e] [1].) Additionally, the regulation requires that the superintendent's written authorization specify the facts forming the basis for the action.

The record in the instant case does not contain a written authorization allowing prison officials to open and read petitioner's outgoing correspondence. Under those circumstances, we conclude that the evidence utilized at the hearing was seized in contravention of respondent's rules and regulations. The determination must therefore be annulled and all references to the charge expunged from petitioner's file (*see, Matter of Ode v Kelly,* 159 AD2d 1000, 1001). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.