■ In the Matter of SHAWN GREEN, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [692 NYS2d 523] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following separate tier II prison disciplinary hearings based on separate misbehavior reports, petitioner, a prison inmate, was found guilty of violating certain prison disciplinary rules. The first of the hearings resulted in a determination that petitioner violated rules prohibiting smuggling, impersonation and failure to comply with facility correspondence procedures. Upon our review, we conclude that there is substantial evidence to support this determination. It is undisputed that, during the processing of outgoing legal mail, the facility mail room supervisor discovered an envelope addressed in petitioner's handwriting but bearing a return address in the name and handwriting of another inmate. The envelope contained material written by petitioner, who had utilized all of his free legal postage for that week while the other inmate had not.

As a result of petitioner's alteration of the other inmate's outgoing legal mail by adding his intended recipient's address and inserting his own material, the mail constituted contraband (*see,* 7 NYCRR 270.2 [B] [14] [ii]) and his attempt to send it out of the facility violated the rule prohibiting smuggling, which includes an attempt to smuggle (*see,* 7 NYCRR 270.2 [B] [15] [i]). Petitioner's use of the other inmate's legal mail also violated the rule prohibiting impersonation, which includes impersonation in any manner (*see,* 7 NYCRR 270.2 [B] [12] [i]).

We are not persuaded by petitioner's claim that he was unaware that his attempt to use the other inmate's legal mail violated facility correspondence procedures. We also reject petitioner's claim that the facility mail room supervisor's failure to endorse the misbehavior report prepared by a correction officer was a fatal defect. The supervisor testified at the hearing and petitioner has shown no prejudice from this omission (*see, Matter of Moore v Rabideau*, 250 AD2d 1008). The fact that the supervisor obtained oral, instead of written, authorization from the facility Superintendent to open the envelope is irrelevant and, therefore, we find no merit to petitioner's arguments in regard thereto. We have considered petitioner's other arguments regarding the first determination, including his claim of Hearing Officer bias, and find them lacking in merit.

The second hearing resulted in a determination that petitioner violated rules prohibiting inmates from starting fires and misusing State property. Based upon the testimony of a correction officer that a search of petitioner's cell revealed toilet paper cores and other paper items that showed signs of having been burned, there is substantial evidence to support this determination. Petitioner's claim that there was no fire and that he merely used the toilet paper cores as ashtrays presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Morris v O'Keefe*, 240 AD2d 994, 995). With regard to the misuse of State property, petitioner admitted that he was supposed to return the empty toilet paper cores to an officer. Petitioner's claim of Hearing Officer bias is without any substantiation in the record (*see, Matter of Coniglio v Mitchell*, 198 AD2d 565, 567). Contrary to petitioner's claim, the misbehavior report sufficiently notified him of the charges and provided him with enough particulars to make an effective response (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). We have considered petitioner's remaining arguments regarding the second determination and find them lacking in merit.

Peters, J. P., Carpinello and Graffeo, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.