■ In the Matter of MICHAEL CHAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [697 NYS2d 409] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner, an inmate at Wyoming Correctional Facility, was charged with violating inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting goods or services without consent and approval]), 107.20 (7 NYCRR 270.2 [B] [8] [iii] [making a false statement]) and 111.10 (7 NYCRR 270.2 [B] [12] [i] [impersonating an employee or other person]), based upon correspondence addressed to petitioner that was opened and read by a correction officer. We agree with petitioner that the determination must be annulled because respondent violated 7 NYCRR 720.4, which governs the opening of incoming correspondence. Pursuant to 7 NYCRR 720.4 (e) (3), an inmate's incoming correspondence will not be read unless there is evidence that it "may contain" plans for sending or receiving contraband, plans for criminal activity, or "information" that, if communicated, "would create a clear and

present danger to the safety of persons and/or the security and good order of the facility." 7 NYCRR 720.4 (f) (2) provides that written authorization from the facility superintendent to read incoming correspondence must be placed in the inmate's file and that such authorization must be based upon grounds related to "safety, security and order". Because there was no such written authorization with respect to the subject correspondence, the evidence used at the hearing was seized in contravention of respondent's rules and regulations. Thus, the determination must be annulled and all references thereto expunged from petitioner's file (*see, Matter of Knight v Goord*, 255 AD2d 930). Even assuming, arguendo, that the superintendent's authorization was not required, we would nevertheless annul the determination. The record contains no evidence to suggest that the correspondence included plans concerning contraband or criminal conduct, or information constituting a threat to the safety of persons or the security of the facility (*see*, 7 NYCRR 720.4 [e]; *Matter of Ode v Kelly*, 159 AD2d 1000, 1001). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.