◼ In the Matter of SHAWN GREEN, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [702 NYS2d 712] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier II hearing, petitioner, a prison inmate, was found guilty of disobeying facility correspondence procedures. The record reveals that the correctional facility mail clerk received a letter signed by petitioner and addressed to an inmate at another correctional facility. The letter revealed, however, that it was not mailed from either correctional facility and petitioner must have had a third person send the letter to circumvent prison regulations. In light of the misbehavior report, authored by the correctional facility mail clerk, as well as petitioner's own testimony and the handwriting samples compared by the Hearing Officer, we conclude that there is substantial evidence to support the determination of guilt (see, Matter of Green v McGinnis, 262 AD2d 897; Matter of Ellis v Coombe, 253 AD2d 945).

We also reject petitioner's contention that he was unaware of the facility correspondence procedures. Considering that the

correctional facility mail clerk testified that the facility correspondence procedures were posted throughout the facility, this raised a credibility issue properly left to the Hearing Officer to determine (see, Matter of Velez v Goord, 262 AD2d 906). Likewise, we have examined petitioner's allegations of Hearing Officer bias and find them to be unsubstantiated in the record. In any event, petitioner has failed to demonstrate that the outcome of the hearing flowed from the alleged bias (see, Matter of Parker v Coughlin, 211 AD2d 929). To the extent that petitioner's remaining contentions have been preserved for our review, we find them to be without merit.

Cardona, P. J., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.