■ In the Matter of ROBERT W. TUMMINIA, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [737 NYS2d 669] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports. In the

first, written by the correctional facility's senior mail clerk, it was alleged that petitioner had attempted to mail a letter to another inmate by sending it inside a card mailed to an individual outside the facility with a handwritten, signed note thanking the recipient "for being kind enough to send my letters to Larry." On the envelope, petitioner had inscribed a false return address. Following a hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting smuggling and violating facility correspondence regulations. Substantial evidence supported the determination of petitioner's guilt in the form of the detailed misbehavior report and the card, letter and envelope used in petitioner's attempt to contact another inmate (*see, Matter of Green v Senkowski*, 269 AD2d 653, *lv denied* 95 NY2d 752).

In the second misbehavior report, it was alleged that petitioner had hung up a blanket obstructing the view into his cell in violation of several previous orders to desist from such conduct. At the conclusion of the second hearing, he was found guilty of violating the prison disciplinary rules prohibiting obstructing the view into his cell and refusing to obey a direct order. Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report and the testimony of the correction officer who authored it (*see generally, Matter of Green v McGinnis*, 281 AD2d 671). Petitioner's assertion of innocence, based on his representation that his only blanket was in the laundry at the time of the incident, presented an issue of credibility for resolution by the Hearing Officer (*see generally, Matter of Ellis v Coombe*, 253 AD2d 945).

Petitioner's allegations of Hearing Officer bias are belied by the record, which shows that the hearings were conducted in a fair and impartial manner and that the determinations under review flowed directly from the evidence presented and were not the product of bias (*see, Matter of Pryce v Goord*, 274 AD2d 804). The remaining contentions raised have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.