In the Matter of SALVATORE DAGNONE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [746 NYS2d 874] —Cardona, P.J.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting smuggling, unauthorized exchange of personal property, possession of authorized articles in an unauthorized area, possession of contraband and possession of property that reasonably gives rise to the belief that an escape is planned. According to the misbehavior report, petitioner was the subject of an authorized mail watch when he attempted to mail various items to his sister relating to a failed escape from a different facility, undertaken in 1998 by inmate Paul Garrett. The items included three photographs of a partially dismantled chain link fence, a diagram showing how parts of the fence could be used to scale a prison wall and photographs of the personal property that was confiscated from Garrett at the time of his apprehension. A search of petitioner's cell disclosed legal materials relating to Garrett's criminal prosecution.

The determination of petitioner's guilt is supported by substantial evidence in the form of, inter alia, the detailed misbehavior report, the hearing testimony of the investigating officer and the physical evidence (see Matter of Williams v Selsky, 282 AD2d 849, 850; Matter of Fitzpatrick v Goord, 269 AD2d 643, 644). Petitioner's contention that there was insufficient evidence of his guilt due to the lack of proof that he was actually planning to escape is meritless since an intent to escape is not an element of any of the charged acts of misconduct (see 7 NYCRR 270.2 [B] [9] [iv]; [14] [vi], [xiii], [xiv]; [15] [i]; see also Matter of Tavarez v Goord, 237 AD2d 837, 838).

Petitioner's allegation of hearing officer bias has been examined and found to be unpersuasive inasmuch as there is no indication that the hearing was conducted in an unfair manner or that the resulting determination flowed from anything other than the substantial evidence of petitioner's guilt (see Matter of Nicholas v Schriver, 259 AD2d 863, 864; Matter of Spencer v Goord, 245 AD2d 827, 828, lv denied 91 NY2d 811). The remaining issues raised by petitioner have been reviewed and found to be without merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.