■ In the Matter of INJAH E. TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [764 NYS2d 149] —Appeal from a judgment of the Supreme Court (O'Shea, J.), entered October 28, 2002 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting smuggling and violating facility correspondence procedures based upon charges that he had attempted to use other prisoners' legal mail privileges to smuggle his own material in five large envelopes marked "Legal Mail" and numbered in sequence "1 of 5" through "5 of 5," each bearing the return address of one of five other inmates at the correctional facility and all of which were addressed to the same courthouse in New York City. Petitioner appeals from Supreme Court's judgment dismissing his CPLR article 78 proceeding seeking review of the determination of his guilt.

Initially, petitioner contends that he received inadequate employee assistance in the preparation of his defense based

upon his assistant's failure, inter alia, to procure copies of the unusual incident report and the warrant authorizing facility personnel to inspect his mail. As the record clearly establishes that these documents did not exist, however, his assistant cannot be faulted for failing to obtain them (*see Matter of Melluzzo v Selsky*, 287 AD2d 850, 851 [2001]; *Matter of Carini v Goord*, 270 AD2d 663, 664 [2000]).

Similarly without merit is petitioner's contention that, in the absence of *written* authorization from the facility's superintendent, his outgoing legal mail was privileged correspondence that could not be opened and inspected (*see* 7 NYCRR 721.3 [c]). The superintendent's testimony established a reasonable basis for the belief that petitioner was attempting to smuggle his own mail out of the facility through the use of improper return addresses in violation of prison disciplinary rules, and petitioner has shown no prejudice by the superintendent's failure to put his authorization in writing here (*see Matter of Green v McGinnis*, 262 AD2d 897 [1999], *lv dismissed* 94 NY2d 931 [2000]).

Petitioner's remaining contentions have been reviewed and found to be without merit. Accordingly, the judgment of Supreme Court will not be disturbed.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.