■ In the Matter of STACEY KNIGHT, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [781 NYS2d 716]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits promoting gang-related activity after two letters in petitioner's outgoing mail referenced gang issues and activity. In the letters, petitioner refers to himself as "a founding father" of a gang, indicates that his "loyalty and allegiance stem from prison where [the gang] was founded" and uses a common gang phrase and nickname. Contrary to petitioner's contention, these letters, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Schuler v McCray*, 8 AD3d 777 [2004]). We are also unpersuaded by petitioner's reliance on *Matter of Knight v Goord* (255 AD2d 930 [1998]) in support of his assertion that the letters were seized in violation of departmental rules and regulations. Although the actual authorization is not contained in the record, the misbehavior report and testimony from its author establish that petitioner's outgoing letters were opened pursuant to a mail watch authorized by the facility superintendent (*see* 7 NYCRR 720.3 [e]; *see e.g. Matter of Tafari v Selsky*, 308 AD2d 613 [2003], *lv denied* 1 NY3d 503 [2003]; *Matter of Green v McGinnis*, 262 AD2d 897 [1999], *lv dismissed* 94 NY2d 931 [2000]). To the extent that petitioner challenges the facts forming the basis of the mail watch, he failed to specifically raise such issue when questioning the correction officer about the authorization.

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.