■ In the Matter of RICHARD GOLDBERG, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [783 NYS2d 157]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After an authorized mail watch revealed that petitioner had been writing to his father in violation of a judicial order of protection and the prison's subsequently issued negative correspondence list, petitioner was charged with violating facility correspondence procedures and refusing to obey a direct order in violation of prison disciplinary rules. Petitioner was found guilty of both charges following a tier III hearing and the determination was upheld on administrative appeal. Petitioner commenced this CPLR article 78 proceeding to challenge the determination.

The misbehavior report and the testimony of the correction counselor who authored it, along with the testimony of the prison officials who authorized the monitoring and opening of petitioner's letters, other documentary evidence and petitioner's own admissions, provide substantial evidence supporting the determination of petitioner's guilt (*see Matter of Gibson v Goord*, 293 AD2d 841, 842 [2002], *lv denied* 98 NY2d 607 [2002]; *Matter of Green v Senkowski*, 269 AD2d 653, 653 [2000], *lv denied* 95 NY2d 752 [2000]). Further, we reject the contention of petitioner, who does not deny that the letters were indeed intended for his father, that the mail watch was unjustly ordered. To the contrary, the order of protection and the negative correspondence list, both of which expressly forbade petitioner from contacting his father, and the two letters authored by petitioner and addressed to the father's residence gave the prison officials sufficient reason to believe that petitioner was trying to circumvent the outstanding directives

prohibiting such contact, notwithstanding that the name on the envelopes bearing the letters was that of petitioner's girlfriend (*see* 7 NYCRR 720.3 [a], [e]; *Matter of Tafari v Selsky*, 308 AD2d 613, 614 [2003], *lv denied* 1 NY3d 503 [2003]; *cf. Matter of Ode v Kelly*, 159 AD2d 1000, 1001 [1990]).

Petitioner's claims that the documents authorizing the mail watch were fabricated and that he never received notice of the negative correspondence list until the misbehavior report was issued are belied by evidence in the record and, in any event, presented credibility issues for the Hearing Officer to resolve (*see Matter of Jackson v Portuondo*, 287 AD2d 847, 848 [2001]; *Matter of Green v Senkowski, supra* at 653-654). We have examined petitioner's remaining contentions, including his claims that the Hearing Officer was biased and improperly denied him the opportunity to present witnesses and review documents, and find them to be either waived due to petitioner's failure to object at the hearing, lacking in merit or not properly before this Court.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.