■ In the Matter of DANIEL KARLIN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 595]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After it was discovered that petitioner had received information on arson through the mail at the correctional facility where he was housed and was also attempting to obtain the names of inmates at another correctional facility, the Superintendent of the facility authorized a mail watch entailing the screening of petitioner's outgoing and incoming mail. During the course of the mail watch, correction officials found that petitioner had sent letters to his girlfriend and mother, some of which referenced charging inmates for legal services, and had also attempted to use these individuals as intermediaries for corresponding with another inmate. In addition, they found a letter from petitioner's girlfriend indicating that she had established a post-office box and checking account, presumably for the deposit of funds received by petitioner for legal services. As a result of these findings, petitioner was charged in a misbehavior report with soliciting, smuggling, violating facility correspondence procedures and providing unauthorized legal assistance. He was found guilty of the charges following a tier III disciplinary hearing and the penalty imposed was six months' confinement to the special housing unit, six months' loss of privileges, including correspondence with his girlfriend, and six months' loss of good time. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. Initially, we find that the detailed misbehavior report, together with the testimony of the correction officer who authored it and that of petitioner, as well as the documentary evidence received at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Greci v Selsky*, 8 AD3d 725 [2004]; *Matter of Velez v Goord*, 262 AD2d 906, 906 [1999]). The fact that petitioner never actually received any money for legal services rendered does not preclude the finding of guilt as the evidence established that petitioner's objective was to receive compensation. Moreover, inasmuch as the mail watch was explicitly authorized by the Superintendent based upon petitioner's receipt of and search for information that presented a potential danger to institutional safety, there was reasonable compliance with the pertinent regulations (*see* 7 NYCRR 720.4 [e] [3]; [f]). We have considered petitioner's remaining contentions, including his claim that the penalty was excessive, and find them to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.