■ In the Matter of DERRICK KORNEGAY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [801 NYS2d 845]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of a mail watch on a fellow inmate, Stacey Knight, correction officials intercepted a letter sent by petitioner to Knight via a third party. In that letter, petitioner offered Knight money in exchange for his arranging to have an inmate at another correctional facility seriously injured. After a tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, making threats and violating facility correspondence procedures. Petitioner subsequently commenced this CPLR article 78 proceeding challenging that determination.

The determination of guilt is supported by substantial evidence, including the misbehavior report, the testimony of the correction officer who authored the report, the intercepted correspondence, and a sample of petitioner's handwriting (*see Matter of Alvarez v Goord*, 17 AD3d 945, 946 [2005]; *Matter of Knight v McGinnis*, 14 AD3d 984, 984 [2005]; *Matter of Dagnone v Goord*, 297 AD2d 869, 869 [2002], *lv denied* 99 NY2d 503 [2002]). We disagree with petitioner's contention that the misbehavior report was deficient because it failed to specify the date and time that petitioner committed the alleged conduct. The misbehavior report reflects the date upon which the investigation into petitioner's involvement in the alleged scheme was complete and, moreover, the report provided adequate detail

to apprise petitioner of the charges and afford him the opportunity to prepare his defense (*see Matter of Jackson v Portuondo*, 288 AD2d 733, 733 [2001]; *Matter of Millan v Goord*, 284 AD2d 827, 827 [2001]).

Nor are we persuaded by petitioner's argument that the interception of the letter was unauthorized. Initially, we note that petitioner lacks standing to challenge the interception of another inmate's incoming mail (*see Matter of Alvarez v Goord*, *supra* at 946). Furthermore, the confidential testimony, which we have reviewed in camera, establishes that the mail watch was authorized (*see Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]).

Petitioner's allegation that the Hearing Officer was not impartial is belied by the record, which reflects that the hearing was in all respects conducted fairly and that the determination was based solely upon substantial evidence of petitioner's guilt (*see Matter of Dagnone v Goord, supra* at 869). Petitioner's remaining arguments have been considered and found to be without merit.

Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.