In the Matter of JOHN CROSBY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [805 NYS2d 723]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Broome County, was charged in a misbehavior report with smuggling and violating correspondence procedures. These charges arose when inspection of outgoing mail addressed to Anne Marie Sharpe revealed that the letter enclosed was from petitioner, rather than the inmate whose name appeared on the envelope as the return addressee. Petitioner's correspondence privileges with Sharpe had previously been suspended in connection with another disciplinary proceeding. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was upheld on administrative review. Consequently, petitioner commenced this CPLR article 78 proceeding seeking to review that determination.

Based upon our review of the record, the determination is confirmed. The misbehavior report, together with the testimony of the reporting officer, the confidential testimony received in camera and the sample of petitioner's handwriting, provide substantial evidence supporting the determination (*see Matter of Kornegay v Goord*, 21 AD3d 1236, 1236 [2005]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]; *Matter of Dagnone v Goord*, 297 AD2d 869, 869 [2002], *lv denied* 99 NY2d 503 [2002]). Moreover, petitioner was not denied his right to call witnesses. The Hearing Officer sent correction officers to secure the testimony of the requested inmate witness on two separate occasions. Each officer testified regarding the circumstances of the inmate's refusal to testify and petitioner was given the opportunity to examine the refusal forms and to inquire of the officers regarding the inmate's reason for refusing to testify. The foregoing provided an adequate basis for the Hearing Officer to conclude that the requested witness would not testify (*see Matter of Moore v Senkowski*, 13 AD3d 683, 684 [2004]; *Matter of Berry v Portuondo, supra* at 850). Furthermore, because the testimony of a correction official regarding her authorization for opening the subject letter implicated issues of institutional security, it was properly received confidentially and withheld from petitioner (*see Matter of Garcia v Selsky*, 15 AD3d 813, 814 [2005]; *Matter of Bossett v Portuondo*, 3 AD3d 639, 640 [2004]). The remaining issues raised by petitioner, including alleged hearing officer bias, have been considered and found to be without merit (*see Matter of White v Selsky*, 3 AD3d 762, 763 [2004]; *see also Matter of Lebron v Goord*, 6 AD3d 997, 998-999 [2004]).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.