■ In the Matter of ANDREW CURRO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [819 NYS2d 135]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rule that prohibits inmates from receiving compensation for providing legal assistance. The charges stemmed from an incident wherein another inmate's mother sent petitioner a money order for $100 as compensation for providing legal assistance to her son. The letter and accompanying money order were discovered by facility personnel, who thereafter deposited the funds in petitioner's inmate account. Following a tier III disciplinary hearing, at which petitioner, the inmate for whom he provided legal assistance, the inmate's mother and the third party who reimbursed the inmate's mother at petitioner's behest, among others, testified, the Hearing Officer found petitioner guilty as charged. As to penalty, petitioner was confined to the facility's special housing unit for four months, a corresponding loss of privileges was imposed and $100 was confiscated from petitioner's inmate account. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

Preliminarily, we are satisfied that facility employees were authorized to open petitioner's general mail (*see* 7 NYCRR 720.4 [a] [2]) and, upon recognizing that petitioner was receiving money from another inmate's mother, to read the enclosed letter (*see* 7 NYCRR 720.4 [e] [1]) and post such funds to petitioner's inmate account (*see* 7 NYCRR 720.4 [b]). Turning to the merits, petitioner and his witnesses testified that he did not solicit any payment for the legal assistance provided to the inmate in question, that the inmate's mother sent the money order at issue without realizing that petitioner could not accept it and that, upon receipt of such funds, petitioner promptly arranged for a third party to reimburse the inmate's mother, who, in turn, acknowledged receiving the funds along with an explanation as to why petitioner could not accept the money. Even accepting petitioner's assertion that there simply was no basis upon which the Hearing Officer could summarily dismiss such testimony as unreliable, the fact remains, as observed by the Hearing Officer, that petitioner made no attempt to ensure

that the deposited funds were removed from his account. In other words, even crediting petitioner's contention that this entire transaction was an honest mistake that he then attempted to rectify to the best of his ability, that does not change the fact that the funds in question remained in his account until confiscated by the Hearing Officer. That being the case, it cannot be said that petitioner did not accept the money and, in so doing, violate the subject rule. To the extent that petitioner offered an explanation as to why he failed to advise facility personnel of the money order and notes that the funds were not deposited to his account at his behest, we need note only that any such explanation again does not negate the fact that he made no effort to bring about the removal of the funds from his account. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to either constitute harmless error or be lacking in merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.