In the Matter of TYHEEM KEESH, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [821 NYS2d 486]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating a prison disciplinary rule that prohibits inmates from sending outgoing mail that includes material for a person other than the one who is the addressee on the envelope (*see* 7 NYCRR 720.3 [o]); the misbehavior report alleged that petitioner sent letters to three different people in one envelope that was addressed to only one of them. Petitioner was found guilty of the charge and penalties were imposed. Following an affirmance of his administrative appeal, petitioner seeks judicial review of the determination in this proceeding pursuant to CPLR article 78.

Petitioner contends that there is no evidence that respondent legally authorized the opening and reading of his outgoing mail, an issue that he raised in his administrative appeal. Such an action is permitted when a facility's superintendent has "reason to believe that the provisions of any department directive, rule or regulation have been violated . . . or that such mail threatens the safety, security, or good order of a facility or the safety or

well being of any person" (7 NYCRR 720.3 [e] [1]). Although the absence from the record of the written authorization does not, by itself, require reversal (*see Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]), the record of the disciplinary proceeding must contain evidence that the opening of the inmate's mail was, in fact, authorized by the superintendent (*see Matter of Kornegay v Goord*, 21 AD3d 1236, 1237 [2005]; *Matter of Karlin v Goord*, 13 AD3d 697 [2004], *lv denied* 5 NY3d 703 [2005]; *Matter of Knight v McGinnis, supra*; *Matter of Tafari v Selsky*, 308 AD2d 613, 614 [2003], *lv denied* 1 NY3d 503 [2003]).

Here, neither the misbehavior report nor the testimony of the correction sergeant who authored the report provide evidence of authorization in accordance with 7 NYCRR 720.3 (e) (1), and petitioner's request to call the Deputy Superintendent as a witness on this issue was denied. The Hearing Officer's conclusory representation that petitioner was subject to a "lawful Mail Watch" has no evidentiary value, and further, the Hearing Officer acknowledged that he was "not aware of what the authorization for the Mail Watch was." As the record provides no evidence of respondent's reasonable compliance with 7 NYCRR 720.3 (e) (1) (*see Matter of Knight v McGinnis, supra*; *Matter of Tafari v Selsky, supra*), we are unable to conclude that petitioner's outgoing mail was lawfully opened and reviewed. Accordingly, we must annul the determination. In light of our disposition, we need not address petitioner's remaining claims.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.