■ In the Matter of JEAN BELOT, Jr., Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [850 NYS2d 688]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was being escorted to the visiting room by a correction officer when he was found to be in possession of two personal letters. After initially admitting that the letters were indeed personal, petitioner insisted that they were actually legal letters. He was thereafter charged in a misbehavior report with smuggling, violating facility correspondence procedures, violating visiting procedures and making false statements. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding by petitioner ensued.

We confirm. The determination of guilt is supported by substantial evidence consisting of the misbehavior report, together with the letters referenced therein (see Matter of Tumminia v Senkowski, 290 AD2d 902, 903 [2002]). Petitioner's claims that he had received authorization to bring the letters to the visiting room and that it was his intention to mail the letters in accordance with proper facility protocol created credibility issues for resolution by the Hearing Officer (see Matter of Hannah v Burge, 43 AD3d 1234, 1234 [2007]). As for petitioner's contention that he could not be guilty of the charges because the letters were confiscated before he actually made it to the visiting room with them, his attempt to violate the prison disciplinary rules in question was sufficient to sustain the finding of guilt (see 7 NYCRR 270.3 [b]). We have examined petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Spain, Carpinello, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.