■ In the Matter of GARY GILLARD, Petitioner, v RICHARD A. DONOHUE, as Hearing Officer, et al., Respondents. [850 NYS2d 706]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner wrote two letters to the facility medical department which, among other things, advised that he was on a hunger strike, a search of his cell revealed that numerous candy bars and bags of hard candy that he had purchased from the commissary were missing. As a result, he was charged in a misbehavior report with interference with an employee, unauthorized exchange and lying. A tier II disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

Initially, the Attorney General concedes and we concur that the evidence presented at the hearing is insufficient to support the charges of interference with an employee and unauthorized exchange and, accordingly, the underlying determination must be annulled to that extent (*see Matter of Rizzuto v Goord*, 36 AD3d 1124, 1124 [2007]). Remittal for a redetermination of the penalty is not necessary, however, inasmuch as no loss of good time was imposed and it appears that petitioner has already served the penalty of 30 days in keeplock (*see Matter of Ricco v Goord*, 4 AD3d 707, 707 [2004], *lv denied* 2 NY3d 707 [2004]). Turning to the charge of lying, we find that it is supported by the requisite substantial evidence in the form of the misbehavior report and the subject letters which petitioner admitted to authoring (*see Matter of Robinson v Selsky*, 43 AD3d 529, 530 [2007]). We have reviewed petitioner's remaining claims and find them to be unavailing.

Cardona, P.J., Peters, Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interference with an employee and unauthorized exchange; petition granted to that extent and respondent Superintendent of Southport Correctional Facility is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.