In the Matter of ROBERT HADEN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [868 NYS2d 811]—

A prison mail clerk opened an envelope addressed to petitioner and discovered a $30 money order as well as a note from another inmate's relative indicating that the money order was from that inmate. As a result, petitioner was charged in a misbehavior report with violating facility correspondence procedures and engaging in an unauthorized exchange. He was found guilty of these charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's claim, the mail clerk was not required to obtain a mail watch authorization prior to opening the envelope at issue under the circumstances presented here. Under the pertinent regulations, the clerk was permitted to open petitioner's general mail containing the money order (see 7 NYCRR 720.4 [a] [2]). Upon recognizing the handwriting of another inmate's relative, the clerk was further authorized to read the note accompanying the money order (see 7 NYCRR 720.4 [e] [1]; see e.g. Matter of Curro v Goord, 31 AD3d 825, 826 [2006]). Notably, the misbehavior report, documentary evidence and hearing testimony, together with the reasonable inferences to be drawn therefrom, provide substantial evidence supporting the determination of guilt (see Matter of Humphrey v Goord, 42 AD3d 845 [2007]). Furthermore, we find no merit to petitioner's claim that he was improperly denied the right to have certain witnesses testify at the hearing given that their testimony would not have been relevant to the charges against him (see Matter of Williams v Goord, 27 AD3d 808, 809 [2006]). Similarly, we reject petitioner's claim of Hearing Officer bias inasmuch as the record does not reveal any evidence of such bias or that the determination at issue flowed therefrom (see Matter of Sweet v Poole, 48 AD3d 867, 868 [2008]). We have considered petitioner's remaining assertions that he was denied adequate employee assistance as well as important documentary evidence and find them to be unavailing.

Cardona, P.J., Mercure, Carpinello, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.