■ In the Matter of TROY COCHRAN, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [897 NYS2d 527]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules. The first report, alleging possession of a weapon, smuggling, a violation of correspondence procedures, a violation of visitation procedures and gang activity, arose from a letter that petitioner wrote to his mother detailing her role in smuggling scalpels into the facility, as well as references to gang activity. The second misbehavior report stemmed from a letter that petitioner sent to another individual, detailing his role in bringing the scalpels to the facility, similar references to gang activity and also requesting that the individual smuggle in controlled substances. This report charged petitioner with the same charges as those included in the first report, as well as conspiring to introduce controlled substances into the facility.

Following separate tier III disciplinary hearings, petitioner was found guilty of all charges. On separate administrative appeals, the determination finding petitioner guilty of all charges corresponding to the first misbehavior report was affirmed. On the appeal of the second determination, the five charges that were also included in the first misbehavior report were dismissed as duplicative. The determination of guilt regarding conspiring to introduce controlled substances into the facility was affirmed and the penalty was modified. This CPLR article 78 proceeding ensued.

Initially, we conclude that the charge that petitioner possessed a weapon in violation of rule 113.10 is not supported by substantial evidence in the record, as there is no evidence that petitioner made, possessed, sold or exchanged a weapon or dangerous instrument (*see* 7 NYCRR 270.2 [B] [14] [i]). Accordingly, this portion of the determination must be annulled and all references thereto expunged from petitioner's institutional record (*see Matter of Rodriguez v Selsky*, 48 AD3d 851, 852

[2008]). Additionally, as a loss of good time was imposed, the matter must be remitted to the Commissioner of Correctional Services for a reassessment of the penalty with respect to the remaining violations (*see Matter of Williams v Goord*, 28 AD3d 897, 898 [2006]). As to the other charges, the misbehavior reports, together with the hearing testimony of the author of the reports, who was trained in the identification of gang-related material, and the two letters written by petitioner provide substantial evidence to support the remaining determinations of guilt (*see Matter of Arrollo v Leclaire*, 62 AD3d 1171, 1172 [2009]; *Matter of Sweat v Fischer*, 52 AD3d 1142, 1142 [2008]).

We reject petitioner's contention that his letters were seized in violation of departmental rules, as the confidential testimony of the author of the reports established that the letters were opened pursuant to an authorized mail watch (*see Matter of Jimenez v Fischer*, 56 AD3d 924, 925 [2008]; *Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]). Finally, as the duplicative charges contained in the second misbehavior report were dismissed on administrative appeal, petitioner's claim that the doctrine of res judicata should apply to those charges is rendered moot (*see Matter of Caserta v Travis*, 20 AD3d 798, 799 [2005]). Petitioner's remaining contentions have been considered and found to be lacking in merit.

Mercure, J.P., Spain, Rose, Lahtinen and Malone Jr., JJ., concur. Adjudged that the November 21, 2008 determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and as imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed. Adjudged that the December 4, 2008 determination is confirmed, without costs, and petition dismissed to that extent.