In the Matter of KEVIN FITZPATRICK, Appellant, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [939 NYS2d 667]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered June 24, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

A correction officer inspected a letter that had been sent out of the correctional facility by petitioner but later was returned as undeliverable. Inside the envelope, the officer found a sealed envelope addressed to a third party with a return address that was not petitioner's. As a result, petitioner was charged in a misbehavior report with impersonation and violating facility correspondence procedures. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing, and the determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Petitioner contends that the correction officer who wrote the misbehavior report was not authorized to open his mail as a mail watch had not been authorized by the superintendent. Under the circumstances presented, a mail watch was not necessary as the relevant regulation provides that "[a]ll incoming general correspondence will be opened and inspected for . . . contraband" (7 NYCRR 720.4 [a] [2]; *cf. Matter of Haden v Selsky*, 57 AD3d 1056, 1057 [2008]). In accordance with this provision, special authorization was not required for the correction officer to inspect the letter, particularly given that it was returned as undeliverable (*see* 7 NYCRR 720.4 [k]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Raqiyb v Goord*, 28 AD3d 892, 894 [2006]). Significantly, the returned

letter contained contraband, consisting of the sealed envelope that petitioner was attempting to "kite," in clear violation of the regulations governing outgoing mail (*see* 7 NYCRR 720.3 [p]). In view of the foregoing, we find that the correction officer was justified in opening the letter and, further, that there is no reason to disturb the determination of guilt. The cases relied upon by petitioner, *Matter of Keesh v Smith* (32 AD3d 1137 [2006]) and *Matter of Chavis v Goord* (265 AD2d 798 [1999]), are factually distinguishable and do not compel a contrary conclusion.

Mercure, A.P.J., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.