■ In the Matter of JOSEPH GALLAGHER, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [940 NYS2d 697]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer searched the cell of an inmate and found three letters authored by petitioner. The letters contained language indicating that petitioner had physical contact with the inmate and, in a subtle manner, had solicited the inmate for sex. As a result, petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from having physical contact or soliciting others for sex. Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the letters that petitioner conceded he wrote, provide substantial evidence supporting the determination of guilt (*see Matter of Gillard v Donohue*, 48 AD3d 845, 846 [2008]; *Matter of Belot v Selsky*, 47 AD3d 1149 [2008]). Although petitioner and the inmate who received the letters testified that they were just friends and that the language used in the letters was humorous, not sexually oriented, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Johnson v Fischer*, 84 AD3d 1623 [2011]; *Matter of Cunningham v Selsky*, 29 AD3d 1254, 1255 [2006]). Petitioner's claim that the Hearing Officer improperly considered an internal memorandum regarding the incident is not preserved for our review and there is nothing to indicate that the Hearing Officer relied upon this document in rendering

his determination. Finally, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Porter v Goord*, 21 AD3d 1241, 1241 [2005]).

Mercure, A.P.J., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.