■ In the Matter of LAVAR DAVIS, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [953 NYS2d 738]—

Rose, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Based upon an ongoing investigation that included an authorized watch on his outgoing mail, petitioner was served a misbehavior report in April 2010 charging him with solicitation, possession of weapons and drugs, making threats, participating in gang and unauthorized organizational activities and violating facility correspondence procedures. Following a tier III disciplinary hearing, he was found guilty of all charges. On administrative appeal, the determination was affirmed with a reduction in the penalty assessed. Thereafter, in August 2010, petitioner received a second misbehavior report charging him with gang and unauthorized organizational activities, solicitation, making threats, impersonation and violation of facility correspondence procedures based upon letters he sent that were discovered pursuant to an authorized mail watch on another inmate. A separate tier III hearing was conducted, after which petitioner was again found guilty of all charges and that determination was affirmed administratively. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the two determinations.

We confirm. Initially, based upon the misbehavior reports, the hearing testimony of the authors of those reports, the confidential testimony taken by the Hearing Officers and the letters written and mailed by petitioner, we find substantial evidence

to support the finding of guilt on all charges (*see Matter of Collins v Fischer*, 89 AD3d 1355, 1356 [2011], *lv denied* 19 NY3d 803 [2012]; *Matter of Cochran v Bezio*, 70 AD3d 1161, 1162 [2010]). Contrary to petitioner's contention, it was not error to find him guilty of violating rule 105.14 for his participation in gang activity, inasmuch as that rule applies to "*any organization* which has not been approved by the deputy commissioner for program services" (7 NYCRR 270.2 [B] [6] [v] [emphasis added]). We also reject petitioner's contention that he was improperly found guilty of making threats and the possession of weapons and drugs, as an attempt to violate a disciplinary rule may be punished to the same extent as an actual violation (*see* 7 NYCRR 270.3 [b]; *Matter of Matthews v Fischer*, 95 AD3d 1529, 1530 [2012]; *Matter of Gomez v Fischer*, 89 AD3d 1341, 1341 [2011]).

Turning to petitioner's procedural contentions, we reject his argument that the letters were seized in violation of departmental regulations, as the actual authorization of the superintendent is contained in the record and the confidential testimony established the basis for the mail watch (*see Matter of Cochran v Bezio*, 70 AD3d at 1162; *see e.g. Matter of Tafari v Selsky*, 308 AD2d 613, 614 [2003], *lv denied* 1 NY3d 503 [2003]). With regard to petitioner's challenge to the confidential testimony taken during the hearing on the April 2010 charges, we find no violation inasmuch as the Hearing Officer informed petitioner that he would be taking such testimony both before and after it was taken, he gave petitioner the opportunity to pose questions and, given that the charges involved gang activity and threats to other inmates, the need for confidentiality was evident from the record (*see Matter of Ramirez v Goord*, 258 AD2d 785, 786 [1999]; *Matter of Scott v Coombe*, 228 AD2d 996, 997 [1996], *lv denied* 89 NY2d 801 [1996]; *Matter of Guzman v Coughlin*, 90 AD2d 666, 666 [1982]). We have examined petitioner's remaining contentions and found them to be without merit.

Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.