# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

167

TP 12-01564

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF CRAIG SINGLETARY, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered August 21, 2012) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the second amended petition is granted, the penalty is vacated, and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]), 114.10 (7 NYCRR 270.2 [B] [15] [i]), 180.10 (7 NYCRR 270.2 [B] [26] [i]) and 180.11 (7 NYCRR 270.2 [B] [26] [ii]).

Memorandum: In this CPLR article 78 proceeding, petitioner seeks review of a Tier III hearing determination finding him guilty of violating various inmate rules arising from allegations that he conspired to have his girlfriend smuggle marihuana to him during a prison visit. The only evidence at the disciplinary hearing of such a conspiracy was correspondence between defendant and his girlfriend, who did not in fact smuggle drugs into prison or even attempt to do so. We agree with petitioner that the determination must be annulled because respondent violated 7 NYCRR 720.4, which governs the opening of incoming correspondence.

Pursuant to 7 NYCRR 720.4 (f) (2), the prison superintendent must request documentation from the person seeking authority to open incoming mail so as "to determine that there are sufficient grounds for reading the mail, that the reasons for reading the mail are

related to the legitimate interests of safety, security, and order, and that the reading is no more extensive than is necessary to further th[o]se interests." Here, the evidence presented at the hearing did not establish that the superintendent complied with the above mandate before authorizing the opening of petitioner's mail. Because evidence that was admitted at the hearing was seized in contravention of respondent's rules and regulations, the Hearing Officer's determination based on that evidence "must be annulled and all references thereto expunged from petitioner's file" (*Matter of Chavis v Goord*, 265 AD2d 798, 799; *see Matter of Knight v Goord*, 255 AD2d 930, 931).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court