Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
During a mail watch, correction officials intercepted a letter that petitioner tried to send to his mother requesting that she send him a UCC form so that he could place a lien against his ex-wife’s property. Petitioner did not have permission to have UCC forms. As a result, he was charged in a misbehavior report with violating facility correspondence procedures and placing a lien against property without authorization. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the letter and petitioner’s admission to writing the same, provide substantial evidence supporting the determination of guilt (see Matter of Gallagher v New York State Dept. of Correctional Servs., 93 AD3d 1058, 1058 [2012]; Matter of Garraway v Fischer, 70 AD3d 1153, 1153 [2010]). While petitioner contends that he should not have been found guilty of filing an unauthorized lien because he, in fact, never filed one, an attempt to violate a disciplinary rule is punishable to the same extent as an actual violation (see Matter of Davis v Prack, 100 AD3d 1177, 1178 [2012]; Matter of Matthews v Fischer, 95 AD3d 1529, 1530 [2012]). Petitioner’s claim regarding the validity of the mail watch has not been preserved for our review due to his failure to raise it at the disciplinary hearing or in his administrative appeal. Therefore, we find no reason to disturb the determination at issue.
Peters, P.J., Rose, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.