Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
After inmate correspondence bearing petitioner’s name and identification number was returned as undeliverable, it was opened to reveal letters containing gang language, certain materials relating to a rival gang and a request for the proposed recipient to forward information to another inmate. As a result, petitioner was charged in a misbehavior report with gang activity and violating facility correspondence procedures. Following a tier III disciplinary hearing, he was found guilty of both charges and that determination was affirmed administratively, prompting this CPLR article 78 proceeding.
We confirm. The misbehavior report, the testimony of a correction counselor with gang-related training who authored the report, and the envelopes and letters themselves, one of which was signed by petitioner, provide substantial evidence to support the determination of guilt (see Matter of Alicea v Fischer, *1067 106 AD3d 1342 [2013]; Matter of Davis v Prack, 100 AD3d 1177, 1177-1178 [2012]). Petitioner’s insistence that he did not write or send the letters raised a credibility question to be resolved by the Hearing Officer (see Matter of Brooks v Fischer, 92 AD3d 987, 988 [2012]; Matter of Cornwall v Fischer, 72 AD3d 1364, 1365 [2010]). Petitioner’s contention that the correction counselor was not authorized to open his mail is unavailing, inasmuch as mail that has been returned as undeliverable is required to be opened, checked for contraband and inspected to determine if it was written by the inmate to whom it is being “returned” (7 NYCRR 720.4 [k]; see Matter of Fitzpatrick v Prack, 93 AD3d 978, 978 [2012]). Petitioner’s remaining contentions are unpreserved for review.
Peters, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.