Matter of Williams v Annucci (2022 NY Slip Op 06981)

Matter of Williams v Annucci

2022 NY Slip Op 06981

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

535318
[*1]In the Matter of Randy Williams, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 10, 2022

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Randy Williams, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, making false statements and attempting to organize a demonstration. The misbehavior report was issued following an investigation, including review of facility monitoring system footage, which concluded that petitioner, a member of the Incarcerated Individual Liaison Committee (hereinafter IILC), along with another incarcerated individual, who was president of IILC, discussed how to smuggle and assemble certain unsigned letters into a stack of IILC material in a way to trick the office assistant into making copies of those letters, which they knew would be rejected by the office assistant if the true nature of those letters was known. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and the record confirms, that the record lacks substantial evidence to support the charge of attempting to organize a demonstration and it must be annulled. Because the penalty imposed has been served and did not include a recommended loss of good time credit, remittal for reconsideration of the penalty is not required (see Matter of Rose v Lilley, 205 AD3d 1187, 1188 [3d Dept 2022]).
Turning to the remaining charges, the misbehavior report, documentary evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Gomez v Fischer, 70 AD3d 1076, 1076 [3d Dept 2010]; Matter of Wright v Bezio, 64 AD3d 1109, 1110 [3d Dept 2009]; Matter of Belot v Selsky, 47 AD3d 1149, 1149 [3d Dept 2008]). Petitioner's contention that, pursuant to Correction Law § 138 (4), the contents of the letters — which addressed conditions at the correctional facility — were not prohibited and, therefore, could not serve as the basis for discipline is misplaced. Petitioner was not charged based upon the actual contents of the letters but, rather, for the manner and conduct in which he, in concert with the IILC president, attempted to insert letters among a stack of IILC documents in order to deceive the office assistant into making copies. Petitioner's remaining contentions are unpreserved for our review as they were not raised at the hearing when they could have been addressed.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of attempting to organize a demonstration; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.