■ GILA NISSENBAUM, Respondent, v MARIO FERAZZOLI et al., Appellants.—In an action for, inter alia, specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), entered September 28, 1989, as granted that branch of the plaintiff's motion which was for leave to serve a supplemental

complaint to recover damages from the defendants for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

Gila Nissenbaum, the plaintiff buyer, and Mario and Frank Ferazzoli, the defendant sellers, entered into a contract for the sale of a residence in Queens. The contract limited the sellers' liability, except in the case of a willful breach, to the recovery of the down payment. Following a dispute as to the closing date, the sellers declared the buyer in default, whereupon the buyer instituted this action for specific performance.

The Supreme Court denied the buyer's request for specific performance, but this court reversed that judgment, finding that the buyer had been ready, willing, and able to perform on the closing date (*Nissenbaum v Ferazzoli,* 143 AD2d 823). During the pendency of the appeal, the subject premises were sold. Following this court's decision, the buyer moved for summary judgment seeking the return of her down payment and permission to serve a supplemental complaint to recover damages from the sellers based on their willful breach of the contract for sale. By order dated September 22, 1989, the Supreme Court granted that branch of the buyer's motion which was for leave to serve a supplemental complaint. We agree.

It is well settled that leave to amend or supplement pleadings should be freely granted, unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice and surprise directly results from the delay in seeking the amendment (*see,* CPLR 3025 [b]; *McCasky, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Barnes v County of Nassau,* 108 AD2d 50; *Town Bd. v National Sur. Corp.,* 53 Misc 2d 23, *affd* 29 AD2d 726). Since the buyer is no longer able to obtain specific performance because the subject premises were sold during the pendency of her appeal, leave to serve a supplemental complaint was properly granted as this sale affected her remedy (*see, Revelone, Inc. v Arling Realty Corp.,* 274 App Div 656). Further, the sellers can hardly claim prejudice or surprise since the buyer's new cause of action arises out of the same underlying facts. The only new fact alleged is that the premises have been sold, an act for which the sellers were responsible. While the sellers additionally contend that the buyer's recovery is limited to the amount of her down payment, we note that a rider in the contract for sale explicitly provides for the recovery of dam-

ages in excess of the amount of the down payment in the event of a willful default by the seller. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.