■ In the Matter of JOSEPH URGITANO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Respondents. [595 NYS2d 159] —Determination unanimously annulled on the law and petition granted in accordance with the following Memorandum: In this Tier III prisoner disciplinary proceeding, respondents concede that the inmate misbehavior report did not constitute substantial evidence in support of the charge of rioting because the report, which was the only evidence presented against petitioner, failed to state the specific role petitioner played in the riot *(see,* 7 NYCRR 251-1.4 [c], [d] [effective on May 29, 1991, the date of subject incident]; *Matter of Bryant v Coughlin,* 77 NY2d 642; *Matter of Bettis v Coughlin,* 186 AD2d 1080). The misbehavior report also fails to support the

charge of leaving an assigned area (7 NYCRR 270.2 [B] [10] [ii]) because it does not state facts indicating that the inmate left the assigned area without authorization. Thus, we annul the determination, vacate the penalty imposed and direct that all reference to this disciplinary proceeding be expunged from petitioner's record *(see, Matter of Bettis v Coughlin, supra).* (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.