■ In the Matter of SAMMIE SOWELL, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [652 NYS2d 114] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Gouverneur Correctional Facility in St. Lawrence County, petitioner was charged in an inmate misbehavior report with unauthorized assembly, creating a disturbance, violent conduct detrimental to the facility and fighting. Following the tier III hearing that was conducted, petitioner was found guilty of all four charges, a determination upheld on administrative appeal and now challenged in this CPLR article 78 proceeding.*

We conclude that there is merit to petitioner's contention

---

* The penalty imposed was reduced upon administrative appeal from 365 to 210 days in the special housing unit and from 12 to six months' loss of good time.

that the determination is not supported by substantial evidence insofar as it found petitioner guilty of unauthorized assembly, creating a disturbance and violent conduct detrimental to the facility. At the hearing, the misbehavior report was read into evidence and petitioner testified. The misbehavior report merely stated: "On 7/3/95 at approximately 8:15 P.M., I saw [petitioner] hold a meeting with several groups of the other black inmates 8-10 in a group. At approximately 8:30 P.M. a major yard incident started involving over 200 plus inmates. During the incident I saw [petitioner] fighting and trying to direct some of the people he was meeting with earlier." Petitioner testified that while he was in the prison yard, a disturbance broke out during which other inmates chased and beat an inmate who had earlier taken a chain from a "Latin King". Petitioner further testified that he ran to get away from the disturbance but was unsuccessful because the gates had been closed by prison officials and did not reopen until after tear gas had been poured into the yard. No other testimony or evidence was introduced to support the charges.

While the contents of a misbehavior report may, without more, provide substantial evidence to support a determination (see, Matter of Foster v Coughlin, 76 NY2d 964), the misbehavior report in this case only constituted substantial evidence in support of the determination that petitioner was guilty of fighting. The record contains no evidentiary facts, however, to substantiate the remaining charges (see, e.g., Matter of Urgitano v Coughlin, 191 AD2d 1047; Matter of Cruz v Amico, 186 AD2d 841). Because the penalty imposed resulted from a determination of guilt on all four charges, remittal is necessary for reconsideration of a proper penalty (see, Matter of McRae v Leonardo, 176 AD2d 421).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized assembly, creating a disturbance and violent conduct detrimental to the facility; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.