■ In the Matter of KARL RAGLAND, Petitioner, v GREAT MEADOW CORRECTIONAL FACILITY, Respondent. [662 NYS2d 870] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Great Meadow Correctional Facility in Washington County, petitioner was charged in a misbehavior report with damaging State property after he threw a food tray across a room. He was found guilty of this charge after a disciplinary hearing. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

Contrary to petitioner's claim, we find that the administrative determination is supported by substantial evidence. Although only the misbehavior report was read into the record at the hearing, it was authored by a correction officer who, upon personally observing the incident in question, reported that after a food tray was left at petitioner's cell "[petitioner] took his feed up tray and threw it across the company hitting the catwalk and [falling] to the floor". Under the circumstances, we find that the misbehavior report alone constitutes substantial evidence of petitioner's guilt (*see, Matter of Sowell v Coombe*, 234 AD2d 842, 843; *Matter of Sutherland v Coughlin*, 182 AD2d 947, *lv denied* 80 NY2d 757). Although petitioner maintained at the hearing that he accidentally tipped the tray over while sweeping his cell, his testimony merely presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Morris v O'Keefe*, 240 AD2d 994, 995; *Matter of Wood v Selsky*, 240 AD2d 876, 877).

In addition, we find no merit to petitioner's claim of Hearing Officer bias. Contrary to petitioner's assertion, at the conclusion of the hearing the Hearing Officer provided petitioner with a statement of the evidence relied upon. The statement indicated that the Hearing Officer relied upon the misbehavior report in making his disposition. There is nothing to suggest that the Hearing Officer conducted the proceedings in other

than a fair and impartial manner (*see, Matter of Thompson v Coombe*, 240 AD2d 977, 978; *Matter of Lugo v Coombe,* 240 AD2d 878). We have considered petitioner's remaining claims and find them to be unavailing.

Crew III, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.