■ In the Matter of JAMES HERBIN, Petitioner, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, Respondent. [675 NYS2d 233] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was found guilty of violating the prison disciplinary rules which prohibit inmates from verbally harassing and verbally interfering with a facility employee. We reject petitioner's contention that the misbehavior report, standing alone, was insufficient to support the determination of guilt. The report, which was authored by the correction officer who observed the incident and was read into the record at petitioner's disciplinary hearing, stated that while petitioner was attending a business course he requested assistance in solving a bookkeeping problem. As the correction officer who was instructing the course began to respond, petitioner became argumentative about the wording of the problem. The telephone then rang twice and, according to the report, petitioner loudly commanded the correction officer to "go answer the phone". When the telephone rang a third time, petitioner loudly stated, "your [sic] letting the phone ring, go answer it". In our view, the report was sufficiently detailed and probative to constitute substantial evidence of petitioner's guilt (see, Matter of Ragland v Great Meadow Correctional Facility, 243 AD2d 977; Matter of Cadiz v Goord, 241 AD2d 687).

Mikoll, J. P., Mercure, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.