■ In the Matter of TERRY DAUM, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [704 NYS2d 387] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In two misbehavior reports, petitioner was charged with violating several prison disciplinary rules stemming from one incident wherein he became physically combative with a correction officer who had issued a direct order and a subsequent incident wherein he broke a light fixture while resisting the

direct order of another correction officer. After a tier III disciplinary hearing on both misbehavior reports, petitioner was found guilty of violent conduct, assaulting a staff member, interfering with an employee, refusing a direct order and violating a movement regulation in connection with the first incident, and interfering with an employee, refusing a direct order and damaging State property in connection with the second incident. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. With regard to the first misbehavior report, the testimony of the correction officer petitioner assaulted and the corroborating testimony of several other correction officers who witnessed the incident reveal that petitioner disobeyed the correction officer's direct order to return to his cell and threw a garbage can lid, striking the officer in the shin. Once petitioner was released into his cell, he struck the correction officer in the jaw with his fist. As for the second misbehavior report, it indicated that many correction officers witnessed petitioner refuse a direct order to place his hands through the cell bars to be handcuffed and transported to the special housing unit. During the course of this event, petitioner attempted to remove a light fixture from his cell and threw another light fixture through his cell bars, breaking it.

Upon reviewing this evidence and the remaining proof offered at the hearing, we conclude that substantial evidence supports the determination of petitioner's guilt on all charges (*see, Matter of Green v Selsky*, 264 AD2d 908, *lv denied* 94 NY2d 757; *Matter of Rucano v Goord*, 264 AD2d 888; *Matter of Ragland v Great Meadow Correctional Facility*, 243 AD2d 977). Contrary to petitioner's contention, his defense that the misbehavior reports were issued in retaliation for a grievance that he had filed against the correction officer who authored the first report is unsubstantiated by the record and merely created a credibility issue for the Hearing Officer to resolve (*see, Matter of Jackson v Goord*, 263 AD2d 726, *lv denied* 94 NY2d 753; *Matter of Alamin v New York State Dept. of Correctional Servs.*, 253 AD2d 948).

Finally, petitioner's procedural claims were not raised at the disciplinary hearing and are therefore not preserved for appellate review (*see, Matter of Odom v Goord*, 243 AD2d 1019; *Matter of Melendez v Coombe*, 233 AD2d 630). In any event, were we to review the arguments, we would find them to be unpersuasive.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.