■ In the Matter of TERRY DAUM, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 212] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit attempted assault upon staff, violent conduct and interference with an employee as the result of an incident wherein petitioner threw a bar of soap at correction officers attempting to control a disturbance. Petitioner subsequently refused repeated orders to place his hands through the gate slot of his cell to be handcuffed and transported to another cell and, as a result, petitioner was served with a second misbehavior report charging him with a movement violation and disobeying a direct order. Following a tier III disciplinary hearing addressing both misbehavior reports, petitioner was found guilty of all charges and a penalty of 180 days in the special housing unit was imposed. The determination of guilt was administratively affirmed and this CPLR article 78 proceeding ensued.

The detailed and probative misbehavior reports, standing alone, were sufficient to constitute substantial evidence of petitioner's guilt because they were authored by the correction officers who witnessed the respective incidents and contained precise details regarding the time, place and persons involved (*see, Matter of Odom v Goord*, 271 AD2d 792; *Matter of Herbin v Lacy*, 252 AD2d 608, 609; *Matter of Melluzzo v Goord*, 250 AD2d 893, 894, *lv denied* 92 NY2d 814). While petitioner claimed that he did not engage in the charged conduct, the Hearing Officer was entitled to resolve issues of credibility by rejecting petitioner's version of the events (*see, Matter of Garnette v Goord*, 270 AD2d 536).

Contrary to petitioner's contention, the Hearing Officer provided a written explanation for denying petitioner's request to call two inmate witnesses whose testimony would have been redundant (*see*, 7 NYCRR 254.5 [a]). Although the Hearing Officer failed to issue a written explanation for his refusal to permit testimony from petitioner's employee assistant, the record reveals that the assistant's testimony would have been irrelevant to the charges against petitioner (*see, Matter of Thomas v Bennett*, 271 AD2d 768; *Matter of Odom v Goord*, 246 AD2d 941). With regard to petitioner's claims that he was denied effective employee assistance and documentary evidence, the record discloses that petitioner was provided with meaningful employee assistance and all the existing documents that he requested (*see, e.g., Matter of Carini v Goord*, 270 AD2d

663, 664). Finally, given petitioner's disciplinary history and the serious nature of the present charges, we are not persuaded that the penalty imposed was harsh and excessive (*see, Matter of Green v Selsky*, 257 AD2d 909, *lv denied* 93 NY2d 988).

Petitioner's remaining contentions are either unpreserved for our review or lacking in merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.