■ .In the Matter of CHRISTOBAL GONZALEZ, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [715 NYS2d 529] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of being out of place, violating a movement regulation, assaulting a staff member and refusing a direct order after he was involved in an altercation with a correction officer. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. The matter was subsequently transferred to this Court and we now confirm.

The misbehavior report discloses that when the correction officer involved in the incident confronted petitioner about disobeying a previous direct order and requested that he produce his identification card, petitioner refused and struck the correction officer in the shoulder. Petitioner physically resisted

the correction officer's attempts to restrain him and ultimately walked away, refusing another direct order to stop and submit to a pat frisk. The misbehavior report, hearing testimony and evidence indicating that the correction officer sustained injuries consistent with his description of the assault provide substantial evidence to support the determination of guilt (*see, Matter of Jiminez v Selsky*, 274 AD2d 704; *Matter of Daum v Goord*, 270 AD2d 745, 746; *Matter of Santiago v Hoke*, 183 AD2d 978, 979, *lv denied* 80 NY2d 757). Petitioner's claims that he did not violate any direct orders or assault the correction officer created a credibility issue for the Hearing Officer to resolve (*see, Matter of Lyde v Senkowski*, 262 AD2d 908, 908-909; *Matter of Ward v Goord*, 249 AD2d 711, 712).

Turning to petitioner's procedural claims, he has failed to preserve for our review his contentions that inaudible portions of the hearing transcript prevented meaningful administrative review and that the services provided by his employee assistant were inadequate. In any event, were we to review these arguments, we would find them without merit. The employee assistant interviewed the witnesses requested by petitioner and sufficiently addressed all of his requests for evidence (*see, Matter of Faison v Goord*, 268 AD2d 634, 634-635; *Matter of Webb v Goord*, 254 AD2d 551, *appeal dismissed* 93 NY2d 849). Moreover, our review of the hearing transcript reveals only intermittent gaps which do not preclude meaningful review (*see, Matter of Wilson v Coombe*, 237 AD2d 831, 832).

Finally, contrary to petitioner's contention, the fact that the Hearing Officer made unfavorable credibility determinations does not demonstrate that he was biased or that the determination flowed from any alleged bias (*see, Matter of Moncrieffe v Bennett*, 251 AD2d 925; *Matter of Wan v Selsky*, 231 AD2d 812, 814). Petitioner's arguments which have not been explicitly addressed are either unpreserved for our review or without merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.