■ In the Matter of MARTIN BOSSHART, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [727 NYS2d 208] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of

respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits encouraging other inmates to participate in work stoppages or in any other actions that might be detrimental to the order of the facility. The inmate misbehavior report relates, based on information from a confidential informant, that petitioner had written a letter in which inmates were encouraged to participate in an organized "Y2K" work stoppage. The evidence presented at petitioner's disciplinary hearing included a taped interview with a confidential informant who implicated petitioner in the writing and distribution of the Y2K strike letter. The informant further related that petitioner had attempted to destroy incriminating evidence by directing two other inmates to break into an office and remove the ribbon from the typewriter upon which the strike letter had been typed. Before admitting the informant's statements in evidence, the Hearing Officer reviewed several documents submitted by officials in State and Federal agencies attesting to the reliability of the confidential informant.

We find that the detailed misbehavior report, written by the correction officer who had conducted an investigation into the Y2K strike, together with the information provided by the confidential informant, were sufficient to constitute substantial evidence of petitioner's guilt. A prison disciplinary determination may be based upon confidential evidence so long as the Hearing Officer has made an independent assessment of the reliability of both the informant and the information, a prerequisite that was fully satisfied by the Hearing Officer in this matter (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Gonzalez v New York State Dept. of Correctional Servs.*, 277 AD2d 539).

Mercure, J. P., Crew III, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.