■ In the Matter of BERNARD THOMAS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services,

Respondent. [739 NYS2d 498] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct, refusing to obey a direct order and causing damage to state property. Included in the evidence presented at petitioner's disciplinary hearing were the misbehavior report and the testimony of the correction officer who wrote it. The officer stated that he was keeping a special watch on petitioner, who was staying in the facility's infirmary, when he observed petitioner attempting to break off the handle in the shower which controls the flow of water. Petitioner ignored the officer's repeated orders to stop and ultimately succeeded in breaking off the handle. He then ignored the correction officer's additional orders to surrender the shower handle, compelling the officer to call for assistance. The officer who responded to the call for help testified that when he arrived at the scene, petitioner was still holding the shower handle but was ultimately persuaded to surrender it. Also presented in evidence were photographs of the broken handle and the shower wall from which it had been removed. The misbehavior report, the testimony of the correction officers and the photographs of the damaged shower were sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Navarro v Selsky*, 249 AD2d 654; *Matter of Caraway v Walker*, 247 AD2d 675). Petitioner's exculpatory testimony, in which he stated that the shower handle must have been broken before he had any contact with it, created an issue of credibility for resolution by the Hearing Officer (*see, Matter of Morales v Goord*, 270 AD2d 549).

There is no support in the record for petitioner's assertion that various procedural errors violated his right to a fair hearing. His request that an infirmary nurse be called as a witness was appropriately denied as her testimony would have been irrelevant to the issue of petitioner's guilt or innocence of the charged misconduct (*see, Matter of Murray v Goord*, 273 AD2d 558, 559). The remaining issues raised herein have been reviewed and found to be without merit.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.