Crew III, J.B
Appeal from a judgment of the Supreme Court (Connor, J.), entered July 24, 2002 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.
By determination rendered December 8, 2000, petitioner, a prison inmate, was found guilty of creating a disturbance, harassment and being out of place. The penalty imposed was 90 days of keeplock and a corresponding loss of privileges. Thereafter, by determination rendered December 12, 2000, petitioner was found guilty of violating the prison disciplinary rule that prohibits self-inflicted bodily harm. As to penalty, petitioner was given 60 days in the special housing unit, a corresponding loss of privileges and a recommended loss of 60 days good time.
Petitioner subsequently commenced this proceeding pursuant to CPLR article 78 seeking to challenge three separate tier III determinations dated December 8, 2000, December 9, 2000 and December 12, 2000, respectively. Respondents answered and the matter was transferred to this Court, whereupon we remitted the matter to Supreme Court as no substantial evidence question was presented. Following remittal, petitioner sought leave to amend the petition and, by judgment entered July 24, 2002, Supreme Court denied the motion, finding that the court lacked jurisdiction due to petitioner’s failure to serve the Attorney General. Supreme Court also rejected petitioner’s procedural challenges to the December 12, 2000 determination and *648 dismissed the underlying petition.* Petitioner’s subsequent motion to reargue was unsuccessful, and this appeal from Supreme Court’s July 2002 judgment ensued.
We affirm. Even accepting, for purposes of this appeal, that Supreme Court erred in finding that it lacked jurisdiction to entertain petitioner’s motion to amend the petition, we nonetheless are persuaded that petitioner’s application in that regard was properly denied. To be sure, “leave to amend a pleading under CPLR 3025 (b) is freely given in the exercise of the trial court’s discretion, provided there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit” (New York State Health Facilities Assn. v Axelrod, 229 AD2d 864, 866 [1996]; see Eddy v White, 304 AD2d 959, 960 [2003]). Nonetheless, the movant must demonstrate some evidence of merit as to the new causes of action (see Krouner v Travis, 290 AD2d 917, 918 [2002]).
Here, a review of the proposed amended petition reveals two things; first, a rehashing and restatement—albeit in greater detail—of the very arguments raised in the original petition and, second, a new challenge to two additional determinations of guilt stemming from tier II disciplinary proceedings conducted in January 2002. Merely restating arguments already advanced does not provide an adequate basis for granting the requested relief, and the new causes of action asserted impermissibly expand the scope of the original proceeding. Accordingly, we cannot say that Supreme Court abused its discretion in denying the motion to amend the petition.
Petitioner’s remaining arguments do not warrant extended discussion. Based upon our review of the record, we conclude that petitioner’s claim of hearing officer bias is lacking in merit. Although petitioner’s requests to call various extraneous witnesses, including high-level political figures, agency officials and a federal agent, were denied, the case law makes clear that a hearing officer is under no obligation to entertain testimony from witnesses who have no personal knowledge of the charges at issue and whose testimony would be entirely irrelevant to the issue of a petitioner’s guilt or innocence (see Matter of Thomas v Goord, 293 AD2d 787, 788 [2002], lv denied 98 NY2d 613 [2002]). Nor are we persuaded that petitioner met his burden of establishing that the employee assistance he received was inadequate and that the assistant’s shortcomings resulted in preju *649 dice (see Matter of Cendales v Goord, 293 AD2d 802, 803 [2002]). Petitioner’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

 As the determination rendered December 9, 2000 was administratively reversed, Supreme Court found petitioner’s challenge to that specific determination to be moot. The court’s decision does not expressly address the December 8, 2000 determination.