■ In the Matter of JAMES SCHULER, Petitioner, v FRANK MC-CRAY JR., as Superintendent of Gowanda Correctional Facility, et al., Respondents. [778 NYS2d 237]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In February 2003, respondent Superintendent of Gowanda Correctional Facility received an anonymous letter from an inmate setting forth complaints and threatening a revolt among the inmate population if certain demands were not met. An investigation ensued during which petitioner's cell was searched and various items were found, including a typewriter ribbon on which the first six lines of the text of the letter were imprinted. Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting inmates from making threats, organizing a demonstration and rioting. He was found guilty of all charges except rioting. The determination of guilt was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we find that the testimony of the correction officer who prepared the misbehavior report, together with the misbehavior report and letter itself, provide substantial evidence of petitioner's guilt of organizing a demonstration, the only charge he claims is not supported by the proof (*see Matter of Ferrar v Selsky*, 1 AD3d 671, 671 [2003]; *Matter of Smith v Goord*, 307 AD2d 564, 564 [2003]). The lack of actual involvement of other inmates does not render the charge unsupported as the letter clearly indicates the author's intent to incite collective action on the part of the prison population if certain issues are not addressed. Petitioner's testimony that the incriminating ribbon was somehow "planted" on his typewriter presented a credibility issue for the Hearing Officer to resolve (*see Matter of Rose v Goord*, 259 AD2d 806, 806 [1999], *lv denied* 93 NY2d 810 [1999]).

Petitioner's contention that the Hearing Officer was biased is not borne out by the record and he has not demonstrated that the determination flowed from any alleged bias (*see Matter of Gargano v Goord*, 278 AD2d 716, 718 [2000], *lv denied* 96 NY2d 716 [2001]). Although petitioner has failed to preserve his challenge to the sufficiency of the hearing transcript, even if we were to consider it, we would not find the intermittent gaps in

translation so significant as to prevent meaningful judicial review (*see Matter of Gonzalez v New York State Dept. of Correctional Servs.*, 277 AD2d 539, 540 [2000]). We have considered his remaining claims, to the extent they are properly before us, and find them to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.