██ In the Matter of ALFONSO RIZZUTO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [825 NYS2d 594]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered September 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

During a confidential investigation, which included a mail watch of petitioner's correspondence, two letters written by petitioner to his wife were intercepted by correction officials. In the letters, petitioner used threatening language against a cor-

rection sergeant and requested his wife to contract with an outside individual to exact revenge on the sergeant. As a result, petitioner was charged in a misbehavior report with making threats, soliciting services and failing to comply with facility correspondence procedures. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was upheld on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination, which was subsequently dismissed by Supreme Court. Petitioner now appeals.

We affirm. The misbehavior report, together with the letters referenced therein and the testimony of the officer who prepared it, provide substantial evidence supporting the determination of guilt (*see Matter of Hernandez v Goord*, 18 AD3d 1042, 1042-1043 [2005]; *Matter of Schuler v McCray*, 8 AD3d 777, 778 [2004]). We find no merit to petitioner's claim that he was denied adequate employee assistance as the record reflects that the assistant made diligent efforts to respond to petitioner's numerous and voluminous evidentiary requests (*see Matter of Jackson v Goord*, 18 AD3d 973, 974 [2005], *lv denied* 5 NY3d 713 [2005]). Likewise, there was no error in the Hearing Officer's denial of petitioner's request for witnesses whose testimony would have been irrelevant to the charges (*see Matter of Kalwasinski v Goord*, 31 AD3d 1081, 1082 [2006]; *Matter of Burgos-Morales v Goord*, 22 AD3d 999, 1000 [2005]). Petitioner's claim of retaliation presented a credibility issue for the Hearing Office to resolve (*see Matter of Galdamez v Taylor*, 31 AD3d 934, 934-935 [2006]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been considered and found to be unpersuasive.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.