■ In the Matter of SINCERE McKINLEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [849 NYS2d 322]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner sent a letter to the Deputy Commissioner of Correctional Services insinuating that he would assault staff if he was not transferred to another correctional facility. As a result, he was charged in a misbehavior report with making threats. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed on administrative review with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it as well as the letter that petitioner sent, constitute substantial evidence supporting the determination of guilt (*see Matter of Rizzuto v Goord*, 35 AD3d 1078, 1079 [2006]; *Matter of Schuler v McCray*, 8 AD3d 777, 778 [2004]). We reject petitioner's claim that he was improperly denied the right to call the Deputy Commissioner as a witness inasmuch as his testimony was not relevant to the charge (*see Matter of Hynes v Goord*, 305 AD2d 829, 830

[2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Thomas v Goord*, 293 AD2d 787, 788 [2002], *lv denied* 98 NY2d 613 [2002]). Moreover, the record does not establish that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Nieves v Goord*, 39 AD3d 1104, 1105 [2007]). Likewise, there is no merit to petitioner's contention that he was improperly excluded from the hearing as the transcript reveals that petitioner voluntarily removed himself (*see Matter of Webb v McGinnis*, 271 AD2d 767, 768 [2000]. In view of the foregoing, we find no reason to disturb the determination of guilt.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.