In the Matter of Alphonso Simmons, Appellant, v New York State Department of Correctional Services, Respondent. [918 NYS2d 279]—

Petitioner worked in the mess hall under the food service incentive wage program while he was incarcerated at Attica Correctional Facility in Wyoming County. In April 2008, prior to his completion of the program's 12-month contract period, he was removed from his job due to a pending disciplinary infraction. He reapplied in May 2008. Thereafter, petitioner was transferred to Green Haven Correctional Facility in Dutchess County and, in April 2009, he was reassigned under the program to a job in the mess hall earning $.16 per hour. He filed a grievance claiming, among other things, that he never should have been removed from his job and that he was entitled to receive a pay rate of $.32 per hour. Petitioner's grievance was ultimately denied by the Central Office Review Committee. He then commenced this CPLR article 78 proceeding challenging the denial. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

"To prevail, petitioner must demonstrate that the Central Office Review Committee's determination was arbitrary and capricious or without a rational basis" (*Matter of Patel v Fischer*, 67 AD3d 1193, 1193 [2009], *lv denied* 14 NY3d 703 [2010] [citations omitted]; *see Matter of Wright v New York State Dept. of Correctional Servs.*, 76 AD3d 725, 726 [2010]). Petitioner has not made that showing. The directive governing the food service incentive wage program provides that if a participant is removed from the program for disciplinary reasons prior to the completion of the 12-month contract period, the participant must retake the 16-week training period and start the 12-month commitment anew. Participants who are new to the program start at the entry level pay rate of $.16 per hour. Petitioner clearly had a break in service, lasting approximately one year, causing him to have to start the program from the beginning when he was reassigned to another job in the mess hall. We find no merit to his claim that, because he was on the waiting list for reassignment to the program, there was no break in service. Given that the determination at issue was not arbitrary and capricious or without a rational basis, we find no reason to disturb it. Petitioner's remaining arguments have been considered and are unpersuasive.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.