■ In the Matter of SHAWN GREEN, Petitioner, v MARK L. BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [937 NYS2d 456]—

Rose, J.

Petitioner subsequently commenced this CPLR article 78 proceeding challenging CORC's determination denying the grievance, as well as respondent's determination finding him guilty of creating a disturbance. Thereafter, petitioner served upon the Attorney General an "amended/supplemental verified petition," which used the same index number as the above proceeding and sought to add entirely new causes of action challenging the results of two unrelated disciplinary hearings held after the events described in the original verified petition. Supreme Court denied that request, and transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we are unpersuaded by petitioner's contention that the denial of his grievance must be overturned. It is beyond dispute that, "[t]o prevail, petitioner must demonstrate that [CORC's] determination was arbitrary and capricious or without a rational basis" (*Matter of Simmons v New York State Dept. of Correctional Servs.*, 82 AD3d 1382, 1383 [2011] [internal quotation marks and citation omitted]). Here, the grievance determination, as well as our in camera review of the relevant directives, confirms that the denial of petitioner's grievance was rationally based upon legitimate security and identification concerns and limitations on storage. Winter coats are allowed when appropriate, and respondent further noted that inmates may wear additional clothing during transport based upon documented medical needs. Under these circumstances, we find no basis to disturb CORC's denial of petitioner's grievance.

Turning to the determination finding petitioner guilty of creating a disturbance, the misbehavior report standing alone was sufficient to provide substantial evidence to support that finding (*see People ex rel. Vega v Smith*, 66 NY2d 130, 140 [1985]; *Matter of Rizzuto v Murphy*, 3 AD3d 801, 802 [2004]; *Matter of Daum v Goord*, 274 AD2d 715, 716 [2000]). While petitioner claims that the record does not support the Hearing Officer's finding that the incident occurred in front of other inmates, we note that the misbehavior report specifically charges that a loud exchange took place in the mess hall. As for petitioner's assertion that he was, among other things, improperly restricted from calling a witness, the record discloses that petitioner responded in the negative at the end of the hearing when he was asked whether he chose to call any witnesses or had any procedural objections. Accordingly, any issues in that regard were waived (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]).

The remaining issues raised by petitioner have been examined and found to be lacking in merit, including his claim that Supreme Court erred in denying his request to serve an "amended/supplemental verified petition" seeking to add challenges to unrelated disciplinary proceedings. We find no abuse of the court's discretion in that regard, inasmuch as "the new causes of action asserted impermissibly expand[ed] the scope of the original proceeding" (*Matter of Miller v Goord*, 1 AD3d 647, 648 [2003]).

Mercure, A.P.J., Peters, Lahtinen and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.