■ In the Matter of CHRISTOPHER ELLISON, Appellant, v AN-DREA EVANS, as Chair of the New York State Division of Parole, Respondent. [953 NYS2d 729]—Mercure, J.P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 5, 2011 in Sullivan County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of the Board of Parole denying petitioner's request for parole release.

In 1995, petitioner pleaded guilty to criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree, and he was sentenced to an aggregate prison term of 3 to 9 years. Also in 1995, petitioner pleaded guilty to manslaughter in the first degree and was sentenced to $8^{1}/_{3}$ to 25 years in prison, to run consecutively to the prior sentence. In July 2009, petitioner appeared before the Board of Parole and, after a hearing, his request for parole release was denied and he was ordered held an additional 24 months. Following the denial of his administrative appeal, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action. Supreme Court dismissed petitioner's application and petitioner now appeals.

Petitioner advances numerous arguments on appeal, ascribing

error to the Board's process, the Board's determination denying him release to parole supervision and Supreme Court's review of the matter. Although petitioner seeks declaratory relief in addition to his challenge to the 2009 determination denying parole release, the claims asserted in his declaratory judgment action are not meaningfully separable from those advanced in his CPLR article 78 proceeding. The Attorney General has advised this Court that petitioner reappeared before the Board in July 2011 and his request for release to parole supervision was again denied. Accordingly, this appeal is moot and, inasmuch as the exception to the mootness doctrine is not applicable, it must be dismissed (*see Matter of Harris v New York State Bd. of Parole*, 91 AD3d 1010, 1010 [2012]; *Matter of Marcelin v Evans*, 86 AD3d 880, 881 [2011]).

Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.