*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    517683
_____

In the Matter of CLARENCE
    GOURDINE,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____


Calendar Date:  June 9, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Devine, JJ.

                    _____


        Clarence Gourdine, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner purportedly sent a letter to his mother in which
he threatened to harm her caregivers upon his release from prison
if they failed to assist her in obtaining money for him.  One of
the agencies involved in providing that care alerted officials to
the letter, and petitioner was thereafter charged in a
misbehavior report with violating the prison disciplinary rules
prohibiting threats and extortion.  Following a tier III
disciplinary hearing, he was found guilty as charged.  His

administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, combined with the hearing testimony, confidential materials, the Hearing Officer's comparison of writing samples produced by petitioner's typewriter to the letter in question and the letter itself, provide substantial evidence to support the determination of guilt (see Matter of Lafferty v Fischer, 61 AD3d 1190, 1191 [2009]; Matter of Patsalos v Coombe, 228 AD2d 984, 985 [1996]).  Contrary to petitioner's argument, he was not improperly deprived of the right to call his mother as a witness inasmuch as her testimony would have been irrelevant to the charges (see Matter of McKinley v Goord, 47 AD3d 974, 974 [2008]).  Petitioner's remaining arguments have been examined and found to lack merit.

Peters, P.J., Stein, Rose, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court