*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    518169
_____

In the Matter of BRIAN
    CONGELOSI,
                        Appellant,

            v                              MEMORANDUM AND ORDER

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION et al.,
                        Respondents.
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ.

                        _____

        Brian Congelosi, Pine City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

                        _____

        Appeal from a judgment of the Supreme Court (Connolly, J.),
entered December 31, 2013 in Albany County which, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, among other things, granted respondents' motion for
summary judgment dismissing the petition/complaint.

        Petitioner was convicted of numerous offenses in 1996,
including two counts of murder in the second degree, and is
presently serving an aggregate prison sentence of 16 years to
life.  His 2012 request for parole release was denied after a
hearing and, when he did not receive a timely response to his
administrative appeal, he commenced this combined CPLR article 78
proceeding and declaratory judgment action.  Petitioner then
sought to amend the petition/complaint twice, first to include
material regarding his unsuccessful administrative appeal and

then to challenge the denial of parole release following his unsuccessful 2013 reappearance before the Board of Parole. Respondents opposed both motions and moved for summary judgment dismissing the petition/complaint. Supreme Court denied the motions to amend and granted respondents' motion, prompting this appeal by petitioner.

We affirm. As an initial matter, Supreme Court did not abuse its discretion in denying petitioner's motions to amend and supplement his petition/complaint, given the lack of any demonstrable merit to the proposed amendments (see CPLR 3025 [b]; Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]; Matter of Miller v Goord, 1 AD3d 647, 648 [2003]). Turning to respondents' motion for summary judgment, Supreme Court properly determined that petitioner's challenge to the 2012 Board decision had been rendered moot by the denial of his subsequent request for parole release (see Matter of Ellison v Evans, 100 AD3d 1159, 1160 [2012]). To the extent that any of petitioner's arguments regarding the Board's compliance with a 2011 amendment to Executive Law § 259-c (4) were "meaningfully separable" from that challenge (id.), Supreme Court properly determined that they lacked merit (see Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014]; Matter of Montane v Evans, 116 AD3d 197, 200-203 [2014], lv granted 23 NY3d 903 [2014]).

Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court