Matter of Johnson v Lee (2018 NY Slip Op 07817)





Matter of Johnson v Lee


2018 NY Slip Op 07817


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526478

[*1]In the Matter of RONALD JOHNSON, Petitioner,
v
WILLIAM LEE, as Superintendent of Eastern N.Y. Correctional Facility, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Ronald Johnson, Napanoch, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with disobeying a direct order, harassing an employee, interfering with an employee and violating frisk procedures. The charges stemmed from a pat frisk of petitioner during which petitioner — without being instructed to do so — loosened his belt and dropped his pants to his knees, exposing his boxer shorts. When the correction officer questioned petitioner's actions, petitioner reportedly responded, "The way you were massaging me[,] I was making it easier for you." Following a tier II disciplinary hearing, petitioner was found guilty of harassment and violating frisk procedures and not guilty of the remaining charges, and a penalty was imposed. Upon petitioner's administrative appeal, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
Petitioner's initial claim — that the disciplinary hearing was not completed in a timely fashion — is unpreserved for our review as petitioner did not raise this issue at the hearing (see Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017]; Matter of Taylor v Fischer, 80 AD3d 1037, 1037 [2011]). As to the merits, we find that the detailed misbehavior report — standing alone — constituted substantial evidence to support the finding that petitioner was guilty of harassment and violating frisk procedures (see e.g. Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]; Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]; Matter of Herbin v Lacy, 252 AD2d 608, 609 [1998]). Contrary to petitioner's assertion, "[t]he rule prohibiting harassment is sufficiently broad to encompass . . . insolent behavior" (Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [*2][2018]; see 7 NYCRR 270.2 [B] [8] [ii]), and petitioner's response to the correction officer's inquiry falls within the ambit of the rule. Additionally, petitioner's unsolicited actions during the course of the pat frisk supports the finding of guilt as to his violation of frisk procedures, and his contrary testimony and explanation for his behavior presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Medina v Annucci, 141 AD3d 1052, 1053 [2016]; Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]). Finally, we discern no inconsistency between the finding that petitioner was guilty of violating frisk procedures but not guilty of refusing a direct order (see generally Matter of Darrett v Annucci, 140 AD3d 1419, 1420 [2016]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.