**Aitcheson-Valentin v Act Up/New York, Inc.**

2024 NY Slip Op 32427(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 158452/2023

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. KATHLEEN WATERMAN-MARSHALL**          PART          **09M**
                                                *Justice*

-------------------------------------------------------------------------------X

CARLOS AITCHESON-VALENTIN          **INDEX NO.**          158452/2023

                                                **MOTION DATE**          01/22/2024
                        Petitioner,
                                                **MOTION SEQ. NO.**          003
                        - v -

ACT UP/NEW YORK, INC.,                          **DECISION + ORDER ON
                                                MOTION**

                        Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 44, 45, 46, 47, 50, 52, 53, 54, 55

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

        Upon the foregoing documents, the motion by Petitioner Carlos Aitcheson-Valentin ("Mr. Aitcheson-Valentin") for leave to supplement his Verified Petition with additional factual allegations respecting Respondent ACT UP/NEW YORK, INC. ("ACT UP") and causes of action, is granted in part.

## Brief Background

        ACT UP is an organization incorporated under New York Not-for-Profit Corporation Law ("N-PCL") § 402. Mr. Aitcheson-Valentin was an active member of ACT UP throughout the 1990s and between 2010 and 2020. On August 25, 2023, Mr. Aitcheson-Valentin commenced this Article 78 proceeding against ACT UP seeking, *inter alia*, to annul its June 2020 policy respecting harassment (the "Harassment Policy"), April 17, 2023 bylaws (the "April 2023 Bylaws"), and April 24, 2023 resolution concerning Mr. Aitcheson-Valentin's membership in the organization (the "April 2023 Resolution"), as arbitrary and capricious, violative of lawful procedure, affected by an error of law and/or an abuse of discretion. He also asserts an unspecified challenge to ACT UP's alleged failure to maintain a board of directors.

        The facts pertinent to this motion, as alleged in Mr. Aitcheson-Valentin's verified petition, are as follows: In June 2020, ACT UP purported to adopt the Harassment Policy, which, *inter alia*, prohibits members from engaging in harassment and sets forth a mechanism for members to report, and ACT UP's Harassment Grievance Team (the "HGT") to address, alleged harassment. In August 2021, the HGT notified Mr. Aitcheson-Valentin that two formal harassment complaints were made against him. Mr. Aitcheson-Valentin answered and disputed the complaints, but on September 2, 2021, the HGT determined that his conduct warranted permanent expulsion from the organization (the "2021 HGT Decision"). Mr. Aitcheson-Valentin appealed the 2021 HGT Decision on October 1, 2021. On January 26, 2023, he commenced a separate Article 78 proceeding, seeking, among other relief, to compel ACT UP to issue its determination on the appeal and produce a copy of its bylaws. The court (Hon. Arlene P. Bluth, J.S.C.) granted that verified petition in part by Decision and Order dated March 23, 2023 and, *inter alia*, directed ACT UP to issue its determination and produce a copy of its bylaws, along with documentation concerning the enactment of those bylaws, to Mr. Aitcheson-Valentin within 45 days of service of the order with notice of entry. Shortly thereafter, ACT UP purported to adopt, without a quorum or proper notice to its members, the April 2023 Bylaws, which contain an invalid quorum provision, and the April 2023 Resolution, which denied Mr. Aitcheson-Valentin's appeal of the 2021

**158452/2023   AITCHESON-VALENTIN, CARLOS vs. ACT UP/NEW YORK, INC.**          **Page 1 of 4**
**Motion No.  003**

[* 1]

HGT Decision. ACT UP produced a copy of the April 2023 Bylaws, a memorandum concerning their adoption, and the April 2023 Resolution to Mr. Aitcheson-Valentin on May 8, 2023.

On August 25, 2023, Mr. Aitcheson-Valentin commenced the instant Article 78 proceeding challenging the Harassment Policy, the April 2023 Bylaws, and April 2023 Resolution. On December 14, 2023, the court (Hon. Erika M. Edwards, J.S.C.) adjourned the verified petition to January 22, 2024. On January 16, 2024, ACT UP opposed and cross-moved to dismiss the verified petition as moot, given that over 150 of its members attended membership meetings on January 8 and 15, 2024 (the "January 2024 Meetings") and voted to adopt: 1) amended bylaws (the "January 2024 Bylaws"), which it claims remedy Mr. Aitcheson-Valentin's concerns; 2) all prior votes retroactively, except that respecting Mr. Aitcheson-Valentin, which members voted to remit to the HGT for a new recommendation; and 3) a new recommendation respecting Mr. Aitcheson-Valentin (the "2024 HGT Recommendation"). The 2024 HGT Recommendation includes additional allegations of harassment and a recommends different remedies than the HGT Decision. Namely, the HGT recommended that Mr. Aitcheson-Valentin need not be expelled from the organization, since he resigned from membership in July 2020, but should be barred from future membership and participation.

On January 20, 2024, Mr. Aitcheson-Valentin filed the instant motion for leave to supplement the verified petition. In his proposed supplemental petition, Mr. Aitcheson-Valentin alleges that ACT UP improperly notified its members of the January 2024 Meetings, usurped their authority by dictating the agendas of those meetings, and adopted the January 2024 Bylaws in violation of the April 2023 Bylaws and N-PCL § 608 (e). Mr. Aitcheson-Valentin further claims that the January 2024 Bylaws to not redress all of the organization's alleged infirmities, and that ACT UP failed to afford him the opportunity to address the additional harassment claims contained in the 2024 HGT Recommendation, applied an amended version of the Harassment Policy, and published the 2024 HGT Recommendation to NYSCEF (NYSCEF Doc. No. 42), notwithstanding that the Harassment Policy, April 2023 Bylaws, and January 2024 Bylaws require the HGT to carry out their duties in confidence. Thus, in addition to the relief sought in his verified petition, Mr. Aitcheson-Valentin seeks to annul all actions taken by ACT UP during the January 2024 Meetings, annul the 2024 HGT Recommendation, and compel ACT UP to file the 2024 HGT Recommendation under seal.

ACT UP opposes Mr. Aitcheson-Valentin's motion for leave to supplement and challenges the merits of his proposed supplemental claims. ACT UP primarily contends, *inter alia*, that Mr. Aitcheson-Valentin seeks to improperly expand the scope of this proceeding, asserts no viable legal theory, and lacks standing to assert his proposed supplemental claims, given that he withdrew from membership.

**Discussion**

CPLR 3025 (b) permits a party to "amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." It is well-settled that motions for "leave to amend or supplement pleadings should be freely granted, unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice and surprise directly results from the delay in seeking the amendment" (*Nissenbaum v Ferazzoli*, 171 AD2d 654, 655 [2d Dept 1991] [leave to serve supplemental complaint properly granted where, *inter alia*, defendant's action during pendency of appeal affects plaintiff's remedy and new cause of action arises out of same underlying facts]; *see* CPLR 3025 [b]).

While this Court could not find, and the parties did not present, authority that directly addresses such motions in the context of this proceeding, motions for leave to supplement or amend in Article 78 proceedings have been properly denied where the proposed additional complaint was not at issue in the underlying determination and "there was no indication that [the] petitioner exhausted his administrative

**158452/2023   AITCHESON-VALENTIN, CARLOS vs. ACT UP/NEW YORK, INC.**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

remedies in connection with that new complaint" (*Johnson v Uhler*, 205 AD3d 1277, 1278 [3d Dept 2022]), where a proposed additional claim concerned unrelated proceedings and "impermissibly expand[ed] the scope of the original proceeding" (*Matter of Green v Bradt*, 91 AD3d 1235, 1237 [3d Dept 2012], quoting *Matter of Miller v Goord*, 1 AD3d 647, 648 [3d Dept 2003]), and where the petitioner failed to allege sufficient facts that would establish the proffered cause of action (*see generally Matter of Patterson v City of New York*, 173 AD3d 540 [1st Dept 2019] [motion to amend petition in Article 78 properly denied where petitioner failed to allege facts that would establish cause of action]).

Here, ACT UP cannot reasonably contend that Mr. Aitcheson-Valentin failed to timely raise the proposed supplemental allegations and causes of action, or that that surprise and prejudice would result therefrom. Mr. Aitcheson-Valentin filed this motion immediately after the January 2024 Meetings and ACT UP issued the 2024 HGT Recommendation in direct response to, and in an attempt to affect the relief sought in, his verified petition (*see generally Nissenbaum v Ferazzoli*, 171 AD2d at 655). Thus, this Court's inquiry is limited to whether Mr. Aitcheson-Valentin's proposed supplemental allegations and causes of action respecting the actions taken by ACT UP during the January 2024 Meetings and the 2024 HGT Recommendation are palpably improper, insufficient as a matter of law, or otherwise improper for review.

There is no indication that Mr. Aitcheson-Valentin's claims are barred by the statute of limitations or improper for this Court's review. In Article 78 proceedings, courts have properly disposed of similar challenges to a not-for-profit's bylaws, the presence of a quorum at a not-for-profit's meeting, and determinations affecting the rights of its members (*see Sealey v American Soc. Of Hypertension*, 10 Misc3d 572 [Sup Ct, NY County 2005], *affd* 26 AD3d 254 [1st Dept 2006] [court, in Article 78 proceeding, properly directed that petitioners be reinstated to not-for-profit corporation's board of directors where new bylaws, and all actions taken pursuant to them respecting removal of petitioners, invalid; quorum provision inconsistent with statutory requirements and no quorum present for vote to amend bylaws]; *see also Capossela v Wykagyl Country Club*, 258 AD2d 522 [2d Dept 1999] [order, in Article 78 proceeding, annulling not-for-profit respondent's determination to expel petitioner affirmed, where expulsion in violation of N-PCL § 601]).

While the Court recognizes that Article 78 proceedings are limited in scope (*see* CPLR 7803), Mr. Aitcheson-Valentin's proposed supplemental allegations and challenges to the January 2024 Meetings and 2024 HGT Recommendation are intrinsically intertwined with the relief sought in his verified petition. Each act alleged in this regard was taken by ACT UP to affect Mr. Aitcheson-Valentin's membership in the organization, arises out of his alleged harassment, and may affect the ultimate relief sought in this proceeding. Accordingly, the Court grants Mr. Aitcheson Valentin leave to supplement his verified petition with the factual allegations and causes of action raised in his proposed supplemental petition respecting the actions taken by ACT UP during the January 2024 Meetings and the 2024 HGT Recommendation.

Mr. Aitcheson-Valentin's request for leave to supplement the verified petition with a request to compel ACT UP to file the 2024 HGT Recommendation under seal is denied, as the proposed supplemental petition does not allege facts sufficient to support a finding of good cause, which is required for the Court to award such relief (*see* 22 NYCRR 216.1 [a] ["Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon written finding of good cause... In determining whether good cause has been shown, the court shall consider the interests of the public as well as all of the parties."]; *see generally Mosallem v Berenson*, 76 AD3d 345, 349 [1st Dept 2010] [finding of 'good cause' presupposes public access to documents at issue will likely result in harm to compelling interest of the movant]). The Court also notes that the proposed supplemental petition fails to specify any provision of ACT UP's Harassment Policy or bylaws that extends a proclaimed right to confidentiality to the context of this

**158452/2023   AITCHESON-VALENTIN, CARLOS vs. ACT UP/NEW YORK, INC.**          **Page 3 of 4**
**Motion No.  003**

3 of 4

[* 3]

proceeding, and Mr. Aitcheson-Valentin himself filed harassment complaints and the 2021 HGT Decision to NYSCEF prior to this motion (NYSCEF Doc. Nos. 6, 9).

Accordingly, it is hereby

**ORDERED** that Mr. Aitcheson-Valentin's motion for leave to supplement is granted, solely to the extent that he may supplement the verified petition with the factual allegations and causes of action in his proposed supplemental petition respecting the actions taken by ACT UP during the January 2024 Meetings and 2024 HGT Recommendation (paras. 104 through 154);

**ORDERED** that the supplemental petition (NYSCEF Doc. No. 46) shall be deemed served upon the filing of this Decision and Order; and it is further

**ORDERED** that ACT UP shall supplement its cross-motion to dismiss to address the supplemental allegations and causes of action permitted herein, within 20 days of service of the supplemental petition; and it is further

**ORDERED** that the return date of Motion Seq. No. 1 is adjourned to **August 12, 2024**.

**7/11/2024**
_____
DATE

_____
KATHLEEN WATERMAN-MARSHALL, J.S.C.

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | **X** NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | **X** GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE | | SUBMIT ORDER | |
| CHECK IF | INCLUDES | | FIDUCIARY | REFERENCE |

**158452/2023   AITCHESON-VALENTIN, CARLOS vs. ACT UP/NEW YORK, INC.**          **Page 4 of 4**
**Motion No.  003**

4 of 4

[* 4]